IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MASON HARRIS, | ) CASE NO. 1:24 CV 49 |
| Plaintiff, | ) JUDGE DONALD C. NUGENT |
| v. | ) |
| | ) MEMORANDUM OF OPINION |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

Mason Harris, a state prisoner currently incarcerated in the Mansfield Correctional Institution, filed this action to seek compassionate release from state prison under 18 U.S.C. § 3582.[1] He claims he has prostate cancer and should not be required to serve the remainder of his state court sentence.

**Factual and Procedural Background**

Harris was convicted in the Hamilton County Court of Common Pleas in 1985 on charges of abduction, gross sexual imposition, kidnaping and rape. He received an indefinite sentence of seventy-five to one hundred and twenty-five years in prison. He indicates he has been before the Ohio Parole Board thirty-three times and has been denied parole release each time. He indicates he is sixty-nine years old and will turn seventy in August 2024. He states he has developed prostate cancer and has other health concerns. Harris claims that his age, the length of his

---

[1] Harris titles this action as "United State of America v. Mason Harris." The United States did not file this case and there is no indication that Harris was ever a Defendant in a federal criminal case. It appears he

sentence, and his health concerns present extraordinary and compelling reasons for this Court to grant him compassionate release under 18 U.S.C. § 3582.

## Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the Defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the

pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### Discussion

As an initial matter, this Court lacks jurisdiction to modify a state court sentence. The compassionate release statute cited by Harris, 18 U.S.C. § 3582, applies to federal prisoners and permits the United States Bureau of Prisons to move the federal court that sentenced the inmate to reduce the sentence it imposed for "extraordinary and compelling reasons." Harris is not a federal prisoner. He was not sentenced for federal offenses in this Court. Instead, he is incarcerated in a state prison serving a state sentence. The compassionate release statute, 18 U.S.C. § 3582, does not apply to him. Harris does not cite to any other legal authority that would allow this federal Court to modify his state court sentence.

### Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: March 20, 2024

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

-3-